**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBENSON INNOCENT,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT,<br><br>Respondent. | No. 1:26-cv-04547 JLT EPG (HC)<br><br>A-Number: 233-345-260<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING MOTION FOR PRELIMINARY INJUNCTION AS MOOT; DIRECTING RESPONDENTS TO PROVIDE PETITIONER WITH BOND HEARING, TERMINATING ANY PENDING MOTIONS AS MOOT, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(Docs. 1, 9, 14, 15, 17, 18, 19, 22, 25, 28) |

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On August 25, 2026, the magistrate judge issued findings and recommendations that the Petition be granted, the motion for preliminary injunction be denied as moot, and Respondents be directed to provide Petitioner with a bond hearing. (Doc. 15.) On September 4, 2026, Petitioner filed timely objections. (Doc. 16.) On September 9, 2026, Respondents filed timely objections. (Doc. 20.)

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including the parties' objections, the Court concludes the findings and recommendations are supported by the record and proper analysis.

Thus, the Court **ORDERS**:

1. The findings and recommendations issued on August 25, 2026 (Doc. 15) are **ADOPTED IN FULL**.
2. The petition for writ of habeas corpus is **GRANTED** on Claim One.
3. The motion for preliminary injunction (Doc. 9) is **DENIED** as moot.
4. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).
5. At least 72 hours before the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.
6. Respondents **SHALL** provide a copy of this order to the immigration judge. In addition, Respondents **SHALL** ensure that the bond hearing is recorded.
7. The Clerk of Court is directed to serve the California City Detention Center with a copy of this Order.

///

///

///

///

8. Any remaining pending motions are **TERMINATED** as moot.

9. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated: _October 27, 2026_

UNITED STATES DISTRICT JUDGE